## BEZALEEL LAWRENCE *versus* CALVIN CARTER.

A testator bequeathed the "residue" of his property to his grandchildren, with a
proviso, that if any grandson should die before he became of age, his share
should be equally divided among the surviving grandsons. After the death of the
testator, the plaintiff, one of the executors, paid to the defendant, who was the
father and guardian of J. C., one of the grandsons, several sums of money, taking
receipts therefor, which described the plaintiff as one of the executors, and stated
that " as said sums were paid in advance, and before the payment of any sum
to the other residuary legatees, and before a final settlement of the testator's
estate, it was agreed, that the above sums were paid upon the condition, that all
such residuary legatees were to be made equal, and that J. C. was not to have
any advantage by the payment of such sums in advance, but was to allow therefor
as equity should require, on a final payment to such residuary legatee." After
these payments had been made J. C. died in his minority, in consequence of which
the legacy to him lapsed, and the other grandsons demanded of the executors their
respective portions of the share of the estate to which J. C. would have been
entitled, if he had attained the age of twenty-one years. It was *held*, that the
plaintiff was entitled to recover back the money so paid to the defendant ; that
no special demand was necessary to enable him to maintain an action for this
purpose ; that the money was paid by the plaintiff upon his own personal re-
sponsibility, and therefore, that such action must be brought by the plaintiff alone,
and in his individual right ; and that the defendant was not entitled to any al-
lowance for expenses incurred for the education and support of his deceased son,
even if he had expended money more liberally for this object, in consequence of
the payment so made to him by the plaintiff.

ASSUMPSIT for money had and received. At the trial,
before *Shaw* C. J., the following facts appeared.

On September 20, 1824, Asa Perry made his will, by
which, after several specific legacies, he gave the residue
of his property to nine grandsons and nine granddaughters,
(among whom were the son and four daughters of the defend-
ant,) to be equally divided between them, provided "that
if any of his grandsons should die before they arrive at the
age of twenty-one, to be equally divided among the surviv-
ing ones ; provided also, that if any of his granddaughters
should die before they arrive to the age of eighteen years,
to be equally divided among the surviving ones."

In 1826 the testator died, and Caleb Perry and the
plaintiff, who were appointed executors, accepted the trust.
The executors kept separate accounts with the estate, and
settled them separately in the probate office. The plaintiff,
at different times, paid to the defendant several sums of

money, for which he took from the defendant accountable receipts of a similar import, in which it was stated, that the payment was made by the plaintiff, one of the executors of Asa Perry, to the defendant in his capacity of guardian of his children, and that "as said sum is paid in advance, and before the payment of any sum to the other residuary legatees, and before a final settlement of said Asa's estate, it is agreed that the above sum is paid upon the condition, that all said residuary legatees are to be made equal, and that my wards are not to have any advantage by the payment of said sum in advance, but are to allow therefor as equity shall require, on a final payment to said residuary legatees."

After these payments had been made, James Carter, the son of the defendant, died in his minority, and the remaining grandsons demanded of the executors their respective portions of the share, to which he would have been entitled as a residuary legatee, if he had attained the age of twenty-one years. An action was also commenced by James D. Cowdin, one of the grandsons, against the executors, for his share thereof, and judgment was obtained by him in this Court, at the October term in 1831. The present action was brought to recover one fifth part of the several sums of money so paid by the plaintiff to the defendant.

The defendant objected, 1. that the action ought to have been brought by the plaintiff jointly with Caleb Perry, as executors ; and 2. that it should have been proved, that a demand was made before the commencement of the action.

The defendant also offered evidence to prove that expenses had been incurred by him, as the guardian of James Carter, for the education and support of his ward, before and after the receipt of the money from the plaintiff, which he contended should be allowed him and deducted from the sums of money so received by him. The facts stated in the case of *Cowdin* v. *Perry*, 11 Pick. 503, were to be regarded as part of this case.

For the purpose of presenting the questions of law arising in this case to the full Court, the judge directed a nonsuit to be entered, which was to stand, or be taken off and a default entered, according as the opinion of the Court should be, upon the right of the plaintiff to recover.

*C. Allen*, *Torrey*, and *N. Wood*, for the plaintiff, to the point, that the payments to the defendant, being made by the plaintiff through a misapprehension of the intentions of the testator, this was a mistake of fact, and therefore the money so paid might be recovered back, cited *Pearson* v. *Lord*, 6 Mass. R. 81 ; *Garland* v. *Salem Bank*, 9 Mass. R. 408 ; *Brisbane* v. *Dacres*, 5 Taunt. 143 ; *Walker* v. *Hill*, 17 Mass. R. 380 ; *Bize* v. *Dickason*, 1 T. R. 285 ; to the point, that the payments were made on a consideration which has failed, and that the money paid to the defendant was now due to the plaintiff *ex æquo et bono, Spring* v. *Coffin*, 10 Mass. R. 31 ; *Woodward* v. *Cowing*, 13 Mass. R. 216 ; *Farmer* v. *Arundel*, 2 W. Bl. 824 ; to the point, that the action was properly brought by the plaintiff alone, and in his own right, *Betts* v. *Mitchell*, 10 Mod. 315 ; *Coburn* v. *Ansart*, 3 Mass. R. 319 ; *Cowdin* v. *Perry*, 11 Pick. 508 ; to the point, that the defendant was obliged by law to support his son, and therefore there was no equitable ground, upon which the expenses which he had thereby incurred, should be allowed him, *Benson* v. *Remington*, 2 Mass. R. 113 ; *Whipple* v. *Dow*, 2 Mass R. 415 ; *Dawes* v. *Howard*, 4 Mass. R. 97.

*Merrick* and *Smith*, for the defendant. The payments in question were made by the plaintiff voluntarily, with a full knowledge of the facts, or with the means of knowledge, but in ignorance of the law ; the money so paid is therefore not recoverable back. *Bilbie* v. *Lumley*, 2 East, 469, 471, note ; *Brisbane* v. *Dacres*, 5 Taunt. 143 ; *Milnes* v. *Duncan*, 6 Barn. & Cressw. 677 ; *Clarke* v. *Dutcher*, 9 Cowen, 674 ; *Mowatt* v. *Wright*, 1 Wendell, 355 ; *Morris* v. *Tarin*, 1 Dallas, 147 ; *Irvine* v. *Hanlin*, 10 Serg. & R. 219 ; *Hill* v. *Green*, 4 Pick. 114 ; *Homes* v. *Aery*, 12 Mass. R. 134 ; *Preston* v. *Boston*, 12 Pick. 7 ; *Haven* v. *Foster*, 9 Pick. 112 ; *Austin* v. *Henshaw*, 7 Pick. 46. They were made under a claim of right, and, for this reason also, cannot be recovered back. *Cowdin* v. *Perry*, 11 Pick. 503. We admit, now, that the action might have been brought by the executors in their private capacities, but both must join in such action ; for the estate of the testator is their joint property, and the payments were made from the joint fund. Besides, a pay-

ment by one executor is a payment by both. *Coburn* v. *Ansart*, 3 Mass. R. 319 ; Shep. Touchst. 94, 226 ; Toller on Executors, 146 to 156 ; *Farr* v. *Newman*, 4 T. R. 621 ; *Wheeler* v. *Wheeler*, 9 Cowen, 34 ; Bac. Abr. *Executors and Administrators*, *D*. If the plaintiff had died insolvent before Cowdin brought his action, Perry would have been alone liable ; and an action against the defendant would have survived to Perry, to recover back the money so paid to the defendant out of the joint fund. *Shearman* v. *Akins*, 4 Pick. 282 ; *Anderson* v. *Martindale*, 1 East, 497. There is no doubt that a father is under a legal obligation to support his children ; but here extra expenses were incurred by the defendant for the education of his son, in consequence of receiving this money.

Lawrence *v.* Carter.

PUTNAM J. delivered the opinion of the Court. This cause has been very well argued. The counsel for the defendant has rested the defence upon the ground, that this was a voluntary payment under a claim of right, and ignorance and mistake of law, but with a full knowledge of the facts ; and he contends strenuously, that the plaintiff cannot recover. He has also objected to several matters of form.

Oct 3d.

We proceed to consider the merits of the claim in the first place.

The general rule, that one may recover back money paid by mistake of the facts, or where the consideration upon which the payment was made, has failed, is admitted. In such case, it would be clear, that the defendant could not retain it , for it would be contrary to the principles of justice upon which the law is founded.

It has been settled in the case of *Cowdin* v. *Perry*, 11 Pick. 503, that the legacy to James, the son of the defendant, lapsed, in consequence of his dying before he attained the age of twenty-one years. A payment of the legacies, therefore, to the legatees who were minors, or to their guardians, during their minority and while it was altogether uncertain whether they would eventually be entitled to the money, would be clearly without any legal right. The residuum of the estate should have been held in the hands of the executors ; and the principal, with the accumulating interest, would be payable

to the legatees, who should attain the age of twenty-one years.

It would seem from the facts in the case, that the defendant, who was the father of several of the legatees, minors, obtained the money from the plaintiff under a special agreement, stating that " as said sum is paid in advance and before the payment of any sum to the other residuary legatees, and before a final settlement of said Asa's estate, it is agreed that the above sum is paid upon the condition, that all said residuary legatees are to be made equal, and that my wards above named are not to have any advantage by the payment of said sum in advance ; but are to allow therefor as equity shall require, on a final payment to said residuary legatees." The money was advanced, at several times, upon accountable receipts of the defendant, of the same legal import. It is manifest, that the plaintiff advanced the money upon the consideration, that it should be allowed to him upon the final settlement of the estate. He relied upon the undertaking of the defendant that such allowance should be made. The defendant stipulated, that his wards should have no advantage from the payment in advance. His undertaking in effect was, that the legal right of the plaintiff, and the legal rights of his wards, should not be affected by the transaction. The defendant was to have the custody and management of the money until the final settlement of the estate, and then, we think, it was clearly understood by the parties, that the plaintiff should have the full benefit of the advance, so made to the defendant.

It is manifest, that no claim of right was or could have been made by the defendant upon the plaintiff. There was no dispute, no waiver of any rights, either legal or equitable. It was an arrangement which the plaintiff probably made to accommodate the defendant and his wards, upon the responsibility of the defendant. But the plaintiff did not, we think, intend to part with that money without consideration, but upon the consideration that the defendant would cause it to be carried to the credit of the plaintiff in the final settlement of the estate.

Now that consideration has failed, so far as James Carter, the minor son of the defendant, was concerned or interested

Unfortunately, he died before he attained the age of twenty-one years. And those grandsons who did arrive to that age, are entitled to the share that James would have had if he had attained that age.

We think it to be very clear, that the defendant should have repaid the money to the plaintiff, which was so advanced for James, or should have applied it towards the legacies of the grandsons, who arrived to the age of twenty-one years, and so should have effectually procured a credit for the same, to the plaintiff, in the final settlement of the account. We cannot perceive any legal or equitable right, which can enable the defendant to retain it, to his own use. We think that the whole motive, cause, and consideration, upon which the plaintiff advanced the money to the defendant, has failed ; and therefore that the plaintiff is entitled to recover it back.

But the defendant contends, that a special demand was necessary, to enable the plaintiff to maintain the action. We think, on the contrary, that the failure of the consideration being known equally by both parties, the law raised the promise to pay the money ; and where the law supposes that the money cannot be rightfully detained by the defendant, that nothing remains on his part but a duty to pay it, no special demand is necessary, but the *licet sæpius requisitus* is sufficient.

It is also contended for the defendant, that both of the executors ought to join in the action, and, of consequence, that the plaintiff cannot maintain the action alone. But we think the plaintiff is not claiming in his capacity of executor. He is described in the receipts as an executor ; but the legal operation of the contract then made was, as it related to the plaintiff, of a personal, and not of an official character. Besides, the money advanced by the plaintiff to the defendant was upon his own personal responsibility, not with the consent, expressed or implied, of the co-executor. It could never become a legal charge in the account of the executors against the estate. It could not be claimed by them rightfully, or be allowed by the probate court, upon the settlement of the estate of their testator. So that we think the plaintiff may sue alone in his private capacity, and that he could not legally have maintained the suit in the names of both of the execu

Lawrence
*v*
Carter

tors.  The defendant did not make any contract with the executors.

The only consideration remaining is, whether the defendant can rightfully be allowed for sundry disbursements made by the defendant, towards the education and support of his son James, during his minority.  This is claimed on the part of the defendant, and resisted on the part of the plaintiff.  Now there is no evidence or fact stated, which induces us to think that the advance was made for the accommodation of the plaintiff.  On the contrary, we think the fair presumption is, that if the defendant had not persuaded the plaintiff to make the advance, the money would have remained safely in the hands of the executors, for legal distribution.  After the money was advanced, the defendant undertook to manage it. We think he took the entire responsibility in regard to its appropriation.  It is suggested, that in consequence of the plaintiff having made the advance, the defendant was induced to expend money more liberally for the education and support of his son James, than he would have done if the plaintiff had retained the money.  If this were true, we do not think the inference follows which the defendant claims.  If the money had not been advanced, the defendant knew that it was existing as a fund carrying interest, which would be payable to his son on his attaining the age of twenty-one years ; and the defendant might well educate his son in view of such an expectancy, more expensively than he would, if he had no such provision.  It was, we think, a matter of discretion for the defendant to exercise, on his own responsibility, and not at the risk or responsibility of the plaintiff.

Upon the whole, the Court are all of opinion, that the plaintiff is entitled to recover, upon the ground of a failure of the consideration upon and for which the money was advanced, and that the defendant is not legally or equitably entitled to the allowances for disbursements to his son, which he has claimed.